# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHALENE PETICCA** | : |
| | : |
| | : IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA |
| Plaintiff | : |
| | : CIVIL ACTION - LAW |
| v. | : |
| | : NO. 2023cv9317 |
| **THE ROMAN CATHOLIC DIOCESE OF HARRISBURG**, | : |
| | : |
| Defendant | : |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, The Roman Catholic Diocese of Harrisburg ("Defendant"), hereby removes this matter from the Court of Common Pleas for Dauphin County, Pennsylvania, Civil Action No. 2023cv9317 (the "Action"), to the United States District Court for the Middle District of Pennsylvania.  In support of this Notice of Removal, Defendant avers as follows:

### THE STATE COURT ACTION

1. On or about December 5, 2023, Plaintiff, Michalene Peticca ("Plaintiff"), commenced a lawsuit against Defendant in the Court of Common Pleas for Dauphin County, Pennsylvania captioned Michalene Peticca v. The Roman

Catholic Diocese of Harrisburg (Catholic Cemeteries), Civil Action No. 2023cv9317 (the "Complaint"). Ex. A.

2. On December 11, 2023, Defendant's agent, Terrence J. Kerwin, Esq., Kerwin & Kerwin, LLP, agreed to accept service of the Complaint. Ex. B.

3. The Complaint asserts claims for: (1) violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.; (2) violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq*.; (3) violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*.; (4) Breach of Contract; and (5) violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq*.

## TIMELINESS OF REMOVAL

4. A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b)(1).

5. This removal is timely filed as required by 28 U.S.C. § 1446(b)(1) as it is brought within 30 days of December 11, 2023; the date the Complaint was served on Defendant.

## VENUE

6. Venue is proper in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1441(b) because the events alleged in the Complaint occurred in Dauphin County.

**GROUNDS FOR REMOVAL**

7. Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8. This Court has subject matter jurisdiction over the Action because the Complaint alleges, on its face, a cause of action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Specifically, Plaintiff avers in her Complaint that "the overtime provisions set forth in the Fair Labor Standards Act ("FLSA") and it supporting federal regulations promulgated by the U.S. Department of Labor apply to Defendant …" Ex. A, ¶ 22.

9. This Court has subject matter jurisdiction over the Action because the Complaint alleges, on its face, a cause of action under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. Specifically, Plaintiff avers that Defendant "is an employer under the FMLA," and that "Defendant's conduct, as alleged herein, constitutes unlawful discrimination and/or retaliation against Plaintiff in violation of her rights under the FMLA." Ex. A, ¶¶ 31, 36.

10. Therefore, based on Plaintiff's federal law claims, this Action could have originally been filed in this Court and is now properly removed to this Court.

11. Not only does this Court have original jurisdiction over Plaintiff's federal claims, but this Court's supplemental jurisdiction pursuant to 28 U.S.C. §

1367(a) encompasses Plaintiff's state law claims. Such claims are so related to Plaintiff's federal claims that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

### **PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

12. Pursuant to 28 U.S.C. § 1446(d), concurrent with the filing of this Notice of Removal, Defendant will give notice of the filing of this Notice of Removal to the Court of Common Pleas for Dauphin County and to Plaintiff through her attorney. Attached hereto as Exhibit C is the Notice to be concurrently filed with the Court of Common Pleas for Dauphin County, Pennsylvania.

13. As of the date of this Notice of Removal, the attached Complaint constitutes the entirety of the pleadings received or filed by Defendant in this matter, and no further proceedings have occurred in the Court of Common Pleas for Dauphin County, Pennsylvania.

14. True and correct copies of the Complaint, Summons, and acceptance of service issued to and served upon Defendant are attached as Exhibit A.

### **NON-WAIVER OF DEFENSES**

15. By removing this action from the Court of Common Pleas for Dauphin County, Pennsylvania, Defendant does not waive any defenses available to it.

16. By removing this action from the Court of Common Pleas for Dauphin County, Pennsylvania, Defendant does not admit any of the allegations in Plaintiff's complaint.

Respectfully submitted,

**SAXTON & STUMP, LLC**

Dated: December 29, 2023       By: *Richard L. Hackman, Esq.*
Richard L. Hackman, Esq.
Attorney ID No. 81755
280 Granite Drive
Suite 300
Lancaster, PA 17601
Tel: (717) 556-1006
rlh@saxtonstump.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29th day of December, 2023, a true and correct copy of the above Notice of Removal was served via Federal Express to the following:

John R. Martin, Esq.
Pillar+Aught
4201 E. Park Circle
Harrisburg, PA 17111

*Attorneys for Plaintiff*

*Richard L. Hackman, Esq.*